**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case. No. 25-CR-315 (LMP/JFD) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| EUGENE DARIUS MOORE, | |
| Defendant. | |

This case has been referred to the undersigned magistrate judge for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. This matter is before the Court on Defendant Eugene Darius Moore's Motion to Request Permission for Additional Briefing on his pretrial motions. (Dkt. No. 48.) The Court respectfully denies the motion because Mr. Moore did not properly preserve his argument beyond this Court's Report and Recommendation.

Mr. Moore filed three pretrial motions in this case, which this Court addressed in its March 27, 2026 Report and Recommendation ("R&R") (Dkt. No. 41.) In the R&R, this Court recommended that the District Judge assigned to this case, Judge Laura Provinzino, deny Mr. Moore's Motion to Suppress evidence from the warrantless search of his vehicle for several reasons. Mr. Moore timely objected to that R&R, and his objections were overruled by Judge Provinzino, who accepted the R&R on June 5, 2026. (Order, Dkt. No. 46.)

1

On June 29, 2026, the Supreme Court issued its decision in *Chatrie v. United States*, No. 25-112, 2026 WL 1855568 (U.S. June 29, 2026). In that case, the Supreme Court held that,

> the police conducted a search when they gained access to Location History data. An individual has a reasonable expectation of privacy in records about his cell phone's location, and police intrude on that constitutionally protected interest when they demand the information—even though for only a limited time, and from a third-party tech company.

*Chatrie v. United States*, No. 25-112, 2026 WL 1855568, at *4 (U.S. June 29, 2026).

Mr. Moore believes that this decision supports one of his original arguments that the use of Automatic License Plate Reader ("LPR") technology to track his vehicle on the day he was arrested constituted an unlawful search. (Def.'s Mot. 1, Dkt. No. 48.) Mr. Moore argues that he preserved this issue in his objections to the R&R because, in that filing, he quoted this Court's observation that his strongest argument was one about unlawfully extending a stop. (*Id.* (citing Def.'s Objections 10, Dkt. No. 44.) The Court disagrees. In the cited portion of the R&R, the Court was discussing Mr. Moore's argument that the officer who stopped his vehicle impermissibly extended the stop, and the objection argues that the Court was mistaken in the conclusion that the extension was lawful. Nowhere in his objections does Mr. Moore identify an error in a determination or lack thereof as to whether the use of LPR technology constituted a search under the Fourth Amendment. He only objected to this Court's conclusion as to the arresting officer's extension of the traffic stop, applying a totally different body of law, which did not adequately preserve the argument he now seeks to make.

The Court also does not find *Chatrie* applicable to this case or to Mr. Moore's arguments in his objections to the R&R. *Chatrie* addressed the use of private cell phone location data by police without a warrant, while the new arguments Mr. Moore seeks to raise regard the use of LPR technology. These two investigatory strategies and technologies are substantially different from one another, so it is not immediately clear that *Chatrie* would apply in the same way to LPR technology as it does to cell phone tracking data.

In this case, police had obtained warrants to track the location of two of Mr. Moore's phones and several of his vehicles and were actively monitoring his location in the hours preceding the traffic stop. (*See* R&R 6, Dkt. No. 41.) The Court makes no conclusion on the applicability of *Chatrie* to LPR technology but notes that, even if the use of LPR technology violates the Fourth Amendment, the inevitable discovery doctrine likely applies to the facts here because the police were already tracking Mr. Moore through independent (and warranted) means. *See United States v. Baez*, 983 F.3d 1029, 1036 (8th Cir. 2020) ((defining the inevitable-discovery doctrine) (citing *Nix v. Williams*, 467 U.S. 431, 443-44 (1984))).

Therefore, based on all the files, records, and proceedings herein, Mr. Moore's Motion to Request Permission for Additional Briefing and Argument (Dkt. No. 48) is **DENIED**.

Date: July 15, 2026

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge