**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Case No. 25-cr-315 (LMP/JFD)

Plaintiff,

v.

**ORDER**

EUGENE DARIUS MOORE,

Defendant.

Mary Riverso, **United States Attorney's Office, Minneapolis, MN**, for Plaintiff.

Brian N. Toder, **Chestnut Cambronne PA, Minneapolis, MN**, for Defendant.

On March 27, 2026, United States Magistrate Judge John F. Docherty issued a Report and Recommendation ("R&R") recommending denial of Defendant Eugene Darius Moore's two motions to suppress based on violations of the Fourth Amendment. ECF No. 41. Over Moore's objections, this Court adopted the R&R in full on June 5, 2026. ECF No. 46.

About a month later, Moore effectively moved for reconsideration of the Court's order on his motions to suppress based on the Supreme Court's June 29, 2026 decision in *Chatrie v. United States*, 146 S. Ct. 2193 (2026). ECF No. 48. Moore noted that he had raised a *Chatrie*-esque argument in his original motion to suppress by writing:

> [L]aw enforcement conducted warrantless and unreasonable interstate Automatic License Plate Reader ("ALPR") surveillance and search of Mr. Moore's historical geographic location data. *Kyllo v. United States*, 533 U.S. 27 (2001); *United States v. Jones*, 565 U.S. 400 (2012); *Carpenter v. United States*, 585 U.S. 296 (2018).

ECF No. 20 at 2.  Moore states that neither the R&R nor this Court's order adopting the R&R "discuss[ed] or rule[d] on the necessity of a warrant respecting use of" ALPRs.  ECF No. 48 at 2.  Moore now argues that the principles articulated in *Chatrie* are relevant to ALPRs, so he should be given the opportunity to brief the application of *Chatrie* to the use of ALPRs in this case.  ECF No. 48 at 2–3.

Magistrate Judge Docherty denied Moore's motion for reconsideration.  ECF No. 50.  He observed that, although Moore had raised an argument about the constitutionality of ALPRs in his original motion to suppress, he never again raised that issue, either at the hearing on the motions to suppress or in his objections to the R&R.  *Id.* at 2; *see* ECF Nos. 30, 44; *see also* ECF No. 31 (Moore's post-hearing brief, which does not mention a challenge to the use of ALPRs).  Magistrate Judge Docherty therefore concluded that Moore had not preserved an argument related to whether the use of ALPRs in this case was constitutional.  ECF No. 50 at 2.  Moore now appeals Magistrate Judge Docherty's order denying additional briefing on his *Chatrie* argument.  ECF No. 52.

## ANALYSIS

A district court's review of a magistrate judge's ruling on a nondispositive matter is "extremely deferential."  *United States v. Banks*, No. 23-cr-307 (JRT/DTS), 2025 WL 2621753, at *8 (D. Minn. Sept. 11, 2025).  A district judge nevertheless must "modify or set aside any part of" a magistrate judge's order to which a party files "timely objections" if it is "contrary to law or clearly erroneous."  Fed. R. Crim. P. 59(a).  An order is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed," and is contrary to law when it "either fails to apply or

misapplies pertinent statutes, case law or rules of procedure." *Banks*, 2025 WL 2621753, at *8 (citations omitted).

Magistrate Judge Docherty did not clearly err in denying what was effectively Moore's motion for reconsideration. The only time that Moore challenged the constitutionality of law enforcement's use of ALPRs in this case was in a single sentence of his original motion to suppress. ECF No. 20 at 2. Moore did not raise the issue at the motions hearing before Magistrate Judge Docherty. ECF No. 30. And after the R&R was issued—which Moore himself recognizes did not decide the "necessity of a warrant respecting use of" ALPRs, ECF No. 48 at 2—Moore did not object to the R&R on the basis that it did not address that issue. *See* ECF No. 44. During the pendency of the motions to suppress, then, Moore devoted a single sentence of argument to challenging law enforcement's use of ALPRs. ECF No. 20 at 2. Courts have no obligation to address "undeveloped issues perfunctorily adverted to in [a] brief." *United States v. Kirk*, 528 F.3d 1102, 1104 n.2 (8th Cir. 2008); *see Clay v. Credit Bureau Enters., Inc.,* 882 F. Supp. 2d 1083, 1111 (N.D. Iowa 2012) (citation omitted) ("Failure to brief an issue in more than a perfunctory manner allows a court to consider the issue waived." (internal quotation marks omitted)). Neither Magistrate Judge Docherty nor this Court was obliged to explore a relatively novel constitutional issue based on a single reference that was never developed.

Nor is it true that Moore "could not have" raised his argument with respect to ALPRs before *Chatrie* was decided. ECF No. 52 at 3–4. Unmistakably, Moore himself raised the issue before *Chatrie* was decided—he just did not follow through on arguing or briefing that issue. *See* ECF No. 20 at 2. And although the Eighth Circuit has not squarely

considered the constitutional implications of ALPRs, district courts in this Circuit have considered Moore's *Chatrie*-esque claim for several years now. *See United States v. Lawrence*, No. 3:22-cr-69, 2026 WL 765307, at *2 (D.N.D. Mar. 18, 2026) (finding use of ALPRs was not a search under the Fourth Amendment); *United States v. Jiles*, No. 8:23-cr-98, 2024 WL 891956, at *19 (D. Neb. Feb. 29, 2024) (same). Evidently, for strategic or other reasons, Moore decided to focus on the arguments rooted in well-established Fourth Amendment principles. ECF Nos. 20–21, 30–31, 44. Having struck out on those arguments, though, Moore is not entitled to resurrect the issues that he did not preserve.

The Court therefore affirms Magistrate Judge Docherty's order and denies Moore's request for additional briefing on his motions to suppress.[1]

### CONCLUSION

For these reasons, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Moore's Appeal of Magistrate Judge Docherty's Order (ECF No. 52) is **OVERRULED**; and

---

[1] During the July 16, 2026 status conference, the Court suggested that it would allow briefing on the merits of Moore's *Chatrie* argument. Upon review of the proceedings in this case to date and further reflection, however, the Court does not find it prudent to decide a novel constitutional issue that has not been preserved. *See Horn v. Schlesinger*, 514 F.2d 549, 553–54 (8th Cir. 1975) (articulating the "fundamental doctrine" that a court "should avoid passing on unnecessary constitutional questions").

2. Magistrate Judge Docherty's Order (ECF No. 50) is **AFFIRMED**.

Dated: August 6, 2026                          *s/Laura M. Provinzino*

                                               Laura M. Provinzino
                                               United States District Judge